————o————

No. 3522.

(Court of Appeal, Parish of Orleans.)

SWIFT COMPANY, LTD., vs. BOARD OF ASSESSORS, ET. ALS.

Appeal from Civil District Court, Division "C."

Saunders and Gurley, for Plaintiff and Appellee.

E. K. Skinner, F. B. Thomas and F. C. Zacharie, for Defendant and Appellant.

The assessment of merchandise or stock in trade is to be made on the basis of the value of such property as may be "on hand at the date of listing." This is the specific declaration of Sec. 7 of Act No. 170 of 1898.

MOORE, J. Plaintiff, a Louisiana corporation, domiciled and conducting a mercantile establishment in the City of New Orleans, sues for a reduction of its assessment for the year 1903. The assessment as made by the proper officials, and, as shown by the duly filed and approved assessment list, is as follows:

1—All live Animals ...........................$ 1,200.00
2—Vehicles of all kinds .......................    650.00
3—Merchandise or stock in trade ............. 20,000.00
4—Money loaned on interest, all credits, and all bills receivable for money loaned or advanced, or for goods sold and all credits of any and every descrip-

tion ................................................ 7,000.00

5—Money in possession, on deposit or in hand ........ 550.00

6—Furniture exceeding $500.00 in value, including
    books and all movable property and chattels ...... 50.00

                                                        —————————
Total ................................................ $29,450.00

These various items comprehend all the assessable property owned by the plaintiff company and employed by it in its business. No complaint is made against the values placed by the assessors on any of the above as they thus appear on the assessment roll, save and except as to item "No. 3, merchandise or stock in trade." The assessment of this item, it is claimed, is excessive; that at the time when the assessment thereof was made the actual cash value of "merchandise or stock in trade" was $1,500.00; that at no one day during any year does the merchandise or stock in trade ever exceed that value; and that hence the assessment of this particular property should be reduced from $20,000.00, the amount at which it is assessed, to the sum of $1,500.00, its actual cash value.

It is conclusively established that at the date of the listing of this property by the assessors, the actual cash value of "all merchandise or stock in trade" was but $1,500.00; and it is equally as conclusively shown that on no one day during any year of its business did the plaintiff corporation carry a stock in excess of that amount.

The argument of defendant's counsel is, substantially, that forasmuch as the assessors are enjoined by Section 7 of Act 170 of 1898, under which Act this assessment was made, when assessing mercantile firms, to place such value upon the "merchandise or stock in trade" as will represent "a fair average" of the value thereof, the proper method of reaching this result is that adopted by the assessors in the instant case, which was by adding the monthly receipts during the year of all merchandise, dividing the

answer by 12; and adopting the quotient as the "fair average" of this particular assessable property; and that as the annual gross receipts of merchandise by the plaintiff company is admitted to be $240,000, the assessment thereof, based on this method, at $20,-000.00 represents the "fair average" value of plaintiff's "merchandise or stock in trade" and should be maintained.

The error of this argument lies in the assumption that this section of the Act, or that any law, contemplates the assessment of "merchandise or stock in trade" at its average value, and that this average is arrived at by taking into account property of a like character, which the person to be assessed may, or may not, receive subsequent to the assessment and within the year in which the assessment is made.

The only lawful assessment of property which can be made, so far as the fixation of value is concerned, is that which estimates the property at its *actual* cash value; and so far as relates to assessment of "merchandise or stock in hand," the assessment can be only on so much thereof as may be *on hand at the date of listing.*

The constitution provides that "the assessment of all property shall never exceed the *actual* cash value thereof." Con., Art. 225.

This actuality comprehends the property itself as well as its value: for there can be no actual (present) value of property, at least none for purposes of taxation, which is not "actual" (now existing), and consequently which is not owned by the person to be assessed.

But the very section of the Act, *supra*, relied on by defendants, puts this question beyond all doubt. It provides: "That it is the duty of the tax assessors throughout the State to place upon the assessment list all property subject to taxation, including *merchandise or stock in trade on hand at the date of listing,* within their respective districts or parishes." (Sec. 7, Act. 170, of 1898.)

There can be no mistaking this language. It is clear and em-

phatic. and, after all, it but conforms to the constitutional injunction, *supra*.

As we have already stated, plaintiff company had but $1,500.00 of "merchandise or stock in trade on hand at the date of listing" of this property, and it at no time carried a stock beyond that amount, and this should be determinative of the issue.

It is, however, earnestly urged by defendant's counsel that a proviso to this section of the Act warrants their contention as above stated.

The proviso referred to reads as follows: "And provided further, that in assessing of mercantile firms the true intent and purpose of this act shall be held to mean the *placing of such value upon the stock in trade or cash, whether borrowed or not, money at interest, open accounts, credits, etc.,* as will represent in their aggregate a fair average of the capital, both cash and credit, employed in the business of the party or parties to be assessed."

It will be readily perceived that the purpose of this proviso is to reach, for the purpose of taxation, all property, rights and credits which are dedicated to a business to support its credit, to provide for contingencies, to suffer dimunition from losses and to derive accretion from gains and profits, and which the generic term *capital* comprehends. To this end the law directs the assessment, not of *capital es nomine*, but of its constituents and components which the act indicates to be: "stock in trade or cash, whether borrowed or not, money at interest, open accounts, credits, etc."

It is the "placing of such value" (the actual cash value) on these componencies of capital that is the "true intent and purpose of this act." and it is these assessments when made that it is intended "will represent in their aggregate a fair average of the capital both cash and credit employed in the business of the party or parties to be assessed."

257

There was, therefore, no more warrant under this section of the Act, or elsewhere in the law, for assessing the "merchandise or stock in trade" under the method adopted by the assessors, than there is for making a like assessment of the "Cash," "Money at interest," "Open accounts," or "Credits," all of which, together with "merchandise or stock on hand" and in their aggregate, represent Capital.

The judgment appealed from reduced the assessment of the item complained of to the actual cash value of the merchandise or stock in trade on hand at the date of listing and fixed the entire assessment at $10,950.00. The judgment being fully warranted by the law and the evidence, it is hereby affrmed.

March 6th, 1905.

Rehearing refused March 20th, 1905.

Writ granted by Supreme Court, April 10th, 1905.